Opinion of
the Court.
THIS was an action of ejectment. On the trial, the lessor of the plaintiff produced in evidence a grant from the commonwealth to John David Wooler, and a deed from Wooler to himself, for the land in controversy, and introduced a witness, who swore that the lessor of the plaintiff had, many years before, been in possession of the premises, and that he understood from the defendant, that he came into possession under Alloway’s heirs, and that Alloway’s heirs, or their ancestor, had come into the possession under the lessor of the plaintiff; and the witness, being interrogated by the defendant’s counsel, stated that he understood it was by contract for the purchase of the premises from the lessor of the plaintiff, by Alloway, the ancestor, and by the defendant from Alloway’s heirs, the possession was obtained, and not as tenant. The witness also stated that he understood from the defendant, that the contracts or purchases were in writing, and that he knew the sale from the lessor of the plaintiff was in writing, he being a subscribing witness thereto.
The defendant then offered to read in evidence grants from the commonwealth to others, elder than that under which the lessor of the plaintiff derived title, and offered to prove that these grants covered the land in controversy; but the lessor of the plaintiff objected to the reading of these grants, and the court sustained the objection. The defendant then moved the court to exclude from the jury, as inadmissible, so much of the plaintiff’s evidence as related to the defendant’s coming into the possession under Alloway, and Alloway *445 under the lessor of the plaintiff; but the court overruled the motion. To which several opinions of the court the defendant excepted; and a verdict and judgment having been rendered against him, he has appealed to this court.
We can perceive no error in the opinion of the circuit court. The evidence in relation to the defendant’s coming into possession under Alloway, and Alloway under the lessor of the plaintiff, is supposed by the assignment of errors to be inadmissible, because there were written contracts between the parties; but the objection is clearly untenable. The written contracts do not appear to have contained any thing in relation to the entry of Alloway, or of the defendant, upon the premises. These facts must have existed dehors the written contracts, and were susceptible of parol proof only, and were as to the claim of title under which the entries on the land were made. If the contracts had been produced, they would only have afforded presumptive evidence, and could not have rendered inadmissible the direct and positive proof of the fact, produced by the lessor of the plaintiff. If, then, the evidence was properly admitted, it certainly made out a case in which, according to the repeated decisions of this court, it was incompetent for the defendant to controvert the right of the lessor of the plaintiff, or to show an outstanding title in a stranger; for, unless he had obtained an executed conveyance of the land from the lessor of the plaintiff, which he failed to produce, (and such a deed cannot be presumed,) he must be considered as holding the possession, as he acquired it, by the permission and under the title of the lessor of the plaintiff.
The idea suggested in the argument, that whether the defendant entered under the title of the lessor of the plaintiff, was a question of fact, which ought to have been left to the jury to decide, is obviously incorrect. It was, no doubt, a question of fact; but it was a question of fact upon which the admissibility of the outstanding patent depended; and the facts, however doubtful or complicated they may be, upon which the admissibility of testimony depends, must, of necessity, be decided by the court, and not by the jury.
Judgment affirmed.